## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

                        )

**ABDULLATIF NASSER,**         )

                        )

       *Petitioner*,        )

                        )

        **v.**           )     **Civ. Action No. 05-764 (CKK)**

                        )

**BARACK OBAMA, *et al.*,**    )

                        )

       *Respondents*.    )

_____)

### PETITIONER'S MOTION FOR ADDITIONAL DISCOVERY

Petitioner **ABDULLATIF NASSIR**, by and through counsel, pursuant to Section I.E.2 of the Case Management Order dated November 6, 2008, as amended on December 16, 2008, hereby moves this Court for its Order granting additional discovery.  The additional discovery requested herein is necessary so that Petitioner may have a meaningful opportunity to present "reasonably available evidence demonstrating there is no basis for his continued detention," which he "must have the opportunity to present." *Boumediene v. Bush*, 128 S. Ct. 2229, 2273 (2008).

### Request  No. 1

All statements in whatever form (including audio or video), whether cumulative or not, that have not previously been disclosed that were made, adopted, or attributed by or to Petitioner that relate to the statements in the Factual Returns or are exculpatory, including any statements made by other detainees on which the Government relies regarding its allegations that Petitioner is an enemy combatant or are exculpatory.

### Justification

The Government's factual return includes documents containing English paraphrases or summaries of statements that are alleged to have been made by Petitioner in Arabic as well as statements allegedly made by other detainees in Arabic.  It is essential that the Government

produce all statements made, adopted, or attributed by or to Petitioner, and not simply third-party reports prepared by the FBI, Department of Defense, or other interrogators.  Such third-party reports are hearsay accounts that summarize and paraphrase hours of actual statements made by Petitioners.  Further, any such third-party reports not prepared contemporaneously with interrogations are subject to being inaccurate and not verbatim.  The Government should also be required to provide recordings and transcripts of statements by other detainees on which the Government relies for its allegations that Petitioner is an enemy combatant.  This Court has granted similar discovery requests in other Guantanamo habeas cases.  *See Zemiri v. Obama*, 04-2046 (CKK) (February 9, 2009 Order, Dkt. No. 146) (ordering disclosure of any audio and video recordings of any interrogations of petitioner); *Al Odah v. United States*, 02-828 (CKK) (February 13, 2009 Order, Dkt. No. 474) (ordering disclosure of any video and audio recordings of interrogations of petitioner and other detainees mentioned in petitioner's Factual Return.)

### Request No. 2

Any documents, including but not limited to any interrogation logs or interrogation plans, that list or describe the date, time, place or circumstances of any interrogations of Petitioner.

### Justification

Counsel believe that during the time Petitioner has been detained at Guantanamo and Afghanistan, an interrogation log or similar record was maintained by the custodial authorities or interrogatories with respect to the dates, time, duration and circumstances of each interrogation.  Such interrogation logs and interrogation plans have been included in prior discovery orders by this Court.  *See Abu Ghanem v. Obama*, Civ. No 05-1683, Dkt No. 148 (directing respondents to produce "all documents that have not previously been disclosed that relate to the interrogations of Petitioner, including any interrogation logs, interrogation

plans or programs, or documents describing interrogation times, dates, durations, physical conditions, techniques used to induce information, requests made by Petitioner during interrogations, interrogation patterns, or identifying persons monitoring or present for the interrogations.").

### Request No. 3

All items collected from Petitioner upon his being taken into custody.

### Justification

Evidence taken by Petitioner when he was captured will be relevant to the Government's position that Petitioner was an enemy combatant.  This Court has granted a request for similar production of evidence obtained by a detainee upon his capture.  *See Al Odah v. United States*, 02-828 (CKK) (2/13/09 Order, Dkt. 474) (ordering respondents to disclose the "telephone book allegedly found on Petitioner Al Kandari's person, provided the telephone book is in the custody of the United States Government."

### Proposed Requests for Admission and Associated Interrogatories

Petitioner seeks leave to propound the following requests for admissions and associated interrogatories by analogy to, and subject to the provisions of Rules 34 and 33 of the Federal Rules of Civil Procedure, respectively.

### Request for Admission No. 1

Respondents are in possession of no credible evidence that Petitioner (ISN 244) planned, authorized, committed, or aided in the September 11, 2011 terrorist attacks, or that he had any prior knowledge of those attacks.

### Interrogatory No. 1

If your answer to the preceding request for admission is other than an unqualified admission, or if you cannot either admit or deny the request, please explain in detail the

reasons for that response and identify any document attached to the Amended Factual Return that supports your response.

### Request for Admission No. 2

Respondents are in possession of no credible evidence that Petitioner (ISN 244) was personally responsible for harbouring any organization or person responsible for the September 11, 2011 attacks.

### Interrogatory No. 2

If your answer to the preceding request for admission is other than an unqualified admission, or if you cannot either admit or deny the request, please explain in detail the reasons for that response and identify any document attached to the Amended Factual Return that supports your response.

### Request for Admission No. 3

Respondents are in possession of no credible evidence that Petitioner (ISN 244) ever had or now has a specific intent to harm the United States, its military forces, or its citizens.

### Interrogatory No. 3

If your answer to the preceding request for admission is other than an unqualified admission, or if you cannot either admit or deny the request, please explain in detail the reasons for that response and identify any document attached to the Amended Factual Return that supports your response.

### Request for Admission No. 4

Respondents are in possession of no credible evidence that Petitioner (ISN 244) ever committed an overtly hostile act toward the United States, its military forces, or its citizens.

### Interrogatory No. 4

If your answer to the preceding request for admission is other than an unqualified admission, or if you cannot either admit or deny the request, please explain in detail the

reasons for that response and identify any document attached to the Amended Factual Return that supports your response.

**Justification for Requests for Admission Nos. 1-4 and Associated Interrogatories**

These requests are intended to elicit admissions by Respondents concerning Petitioner's lack of any active role in matters relating to the September 11, 2011, attacks on the United States, or during the period or in the hostilities that occurred in Afghanistan after that date, a determination that is centrally relevant in any event to the definition of enemy combatant ultimately adopted by this Court.

**CERTIFICATION PURSUANT TO LOCAL RULE 7(m)**

Pursuant to Local Rule 7(m), counsel for Petitioner conferred with Respondent's counsel regarding the foregoing motion, and was advised that Respondent is aware of the requests and will respond in due course.

Dated: January 14, 2013                           Respectfully Submitted

                                                  */s/ Thomas Anthony Durkin*
                                                  THOMAS ANTHONY DURKIN
                                                  (IL Bar No. 697966)
                                                  JANIS D. ROBERTS
                                                  (IL Bar No. 6191124)
                                                  Durkin & Roberts
                                                  2446 N Clark St
                                                  Chicago, IL 60614
                                                  Tel: 312-913-9300
                                                  Fax: 312-913-9235

                                                  */s/ Sean O'Brien*
                                                  SEAN O'BRIEN
                                                  (IL Bar No. 6275614)
                                                  University of Notre Dame Law School
                                                  2161 Eck Hall of Law
                                                  P.O. Box 780
                                                  Notre Dame, IN 46556
                                                  Tel: 574-631-8555
                                                  *Attorneys for Petit*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of January, 2013, I filed the foregoing

electronically through the CM/ECF system, which caused counsel of record to be served by

electronic means.

<u>/s/ Thomas Anthony Durkin</u>
**THOMAS ANTHONY DURKIN**