UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULLATIF NASSER,
    Petitioner,

v.

BARACK OBAMA, *et al.*,
    Respondents.

Civil Action No. 05-764 (CKK)

MEMORANDUM OPINION
(January 19, 2017)

Petitioner is a citizen of Morocco who is currently detained by the Department of Defense ("DoD") at Guantanamo Bay, Cuba, pursuant to the Authorization for Use of Military Force, Pub. Law 107-40, 115 Stat. 224 (2001) ("AUMF"). On April 15, 2005, Petitioner filed a [1] Petition for Writ of Habeas Corpus with the Court seeking release from his detention. Most recently, and at the parties' request, the Court granted a continued stay of proceedings by Minute Order dated September 13, 2016. There has been no final determination in this matter as to whether Petitioner was or remains lawfully detained.

As indicated by their [254] Joint Status Report, the parties requested a stay in this matter due to a July 11, 2016 recommendation by a Periodic Review Board[1] ("PRB") that "Petitioner be transferred to another country with appropriate security assurances." In particular, the PRB "determined that continued law of war detention of [Petitioner] is no longer necessary to protect

---

[1] "The Periodic Review Board consists of a chairperson from the Department of Defense and representatives of the six agencies—the Departments of Defense, Homeland Security, Justice, and State; the Joint Staff, and the Office of the Director of National Intelligence. A decision by the Board to clear a detainee for transfer requires the unanimous consensus of all six agency representatives." Pet'r's Emergency Mot. for Order Effecting Release ("Pet'r's Mot."), ECF No. 257, at 9 n.9.

against a continuing significant threat to the security of the United States." Resp'ts' Resp. to Pet'r's Emergency Mot. Effecting Release ("Resp'ts' Resp."), ECF No. 259, Ex. A. The PRB recommended "transfer only to Morocco, with the appropriate security assurances as negotiated by the Special Envoys and agreed to by relevant USG departments and agencies." *Id.*

Respondents represent that "soon after" the PRB's determination, "personnel from the Department of State transmitted a diplomatic note to the Government of Morocco regarding the security assurances required by the U.S. Government for this transfer. The Government of Morocco finally responded affirmatively to the U.S. Government regarding those assurances through a diplomatic note transmitted on December 28, 2016." Resp'ts' Resp. at 6. However, under § 1034(a)(1) of the National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, 129 Stat. 726, 969 (2015) ("2016 NDAA"), the Secretary of Defense may not effect a transfer pursuant to a recommendation of the PRB without first making a written certification to Congress, 30 days in advance of the transfer, with the representations required by § 1034(b). Because Morocco's response came "less than 30 days before the Secretary of Defense would leave office, the Secretary of Defense did not make a final decision regarding the transfer, including whether the requirements of § 1034 of the 2016 NDAA were satisfied and the transfer was in the national security and policy interests of the United States, as he elected to leave that decision to his successor." Resp'ts' Resp. at 6–7.

Before the Court is Petitioner's [257] Emergency Motion for Order Effecting Release. Petitioner requests that the Court either (i) enter an order, pursuant to the 2016 NDAA or its equitable habeas powers, "declaring that the certification and 30-day notice requirements [of § 1034] not apply in the unique context of [Petitioner's case]," or that (ii) the Court "grant the writ of habeas corpus because Petitioners' detention violates the AUMF and Due Process Clause."

Pet'r's Mot. at 3. Importantly, Petitioner does not challenge "the basis for [his] initial capture and detention." *Id.* at 7. Upon consideration of the pleadings, the Court finds that Petitioner is not entitled to the relief that he seeks and, accordingly, Petitioner's [257] Emergency Motion is DENIED.

## I. DISCUSSION

The Court begins with Petitioner's request for a writ of habeas corpus. Under the well-established law of the Supreme Court of the United States and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), Petitioner may continue to be detained under the AUMF for the duration of the current hostilities against Al-Qaida, so long as he was determined to be "part of" Al-Qaida. *Hamdi v. Rumsfeld*, 542 U.S. 507, 521 (2004); *Aamer v. Obama*, 742 F.3d 1023, 1041 (D.C. Cir. 2014) ("[T]his court has repeatedly held that under the [AUMF] individuals may be detained at Guantanamo so long as they are determined to have been part of A1 Qaeda, the Taliban, or associated forces, and so long as hostilities are ongoing."); *Awad v. Obama*, 608 F.3d 1, 11 (D.C. Cir. 2010) ("Whether a detainee would pose a threat to U.S. interests if released is not an issue in habeas corpus proceedings in federal courts concerning aliens detained under the authority conferred by the AUMF.").

Here, DoD has determined that Petitioner was "part of" Al-Qaida (*see* [236] Notice of Filing Public Factual Return, Ex. 1–5) and Petitioner does not challenge that finding in the context of the current Motion. Pet'r's Mot. at 7. Nor does he contend that the relevant hostilities have ceased, and as a factual matter, there has been no Congressional or Executive action to end those hostilities. *See* Resp'ts' Resp. at 18 n.9 (referencing December 5, 2016 War Powers Letter from the President, which indicates that "U.S. forces remain in Afghanistan for the purposes of, among other things . . . conducting and supporting counterterrorism operations against the remnants of

core al-Qa'ida"). Furthermore, Petitioner's status is unaffected by the PRB's recommendation that he be transferred to Morocco. The Executive authority enacting the PRB review process unequivocally states that the PRB's findings "[do] not address the legality of any detainee's law of war detention." Exec. Order No. 13,567 § 8 (2011). The Court is therefore bound to hold that Petitioner is not entitled to a writ of habeas corpus on the basis of his current Motion.

The Court turns to Petitioner's claim for relief pursuant to § 1034(a)(2) of the 2016 NDAA. That section contains an exception to the 30-day notice and certification requirements imposed by § 1034(a)(1) for "any action taken by the Secretary to transfer any individual detained at Guantanamo to effectuate an order affecting the disposition of the individual that is issued by a court or competent tribunal of the United States having lawful jurisdiction (which the Secretary shall notify the appropriate committees of Congress of promptly after issuance)." The Court holds that Petitioner does not have standing to pursue this claim, and in doing so, finds persuasive the recent decision of United States District Judge Rosemary M. Collyer, Memorandum Opinion on Motion for Order Effecting Release, *Shafiq (Barhoumi) v. Obama*, No. 05-CV-1506 (RMC) (ECF No. 285), and the earlier decisions of United States District Judge Royce C. Lamberth, *Ahjam v. Obama*, 37 F. Supp. 3d 273 (D.D.C. 2014); *al Wirghi v. Obama*, 54 F. Supp. 3d 44 (D.D.C. 2014).

To demonstrate standing, Petitioner must show the existence of a case or controversy, which requires (1) an "injury in fact" that is (2) "fairly traceable to the challenged action of the defendant" and is (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Injury in fact," requires (1) an "invasion of a legally protected interest" that is (2) "concrete and particularized" and (3) "actual or imminent." *Id.* at 560.

Here, Petitioner cannot show an "injury in fact" because there has been no "invasion of a legally protected interest." Under settled Supreme Court and D.C. Circuit precedent, Petitioner does not have a right to be released or transferred from his detainment, and no additional right has been conferred by either the PRB determination or by § 1034 of the 2016 NDAA. The decision to transfer Petitioner pursuant to a recommendation of the PRB rests exclusively within the discretion of the Secretary of Defense. Petitioner has no "right" to such a transfer. *See* Exec. Order No. 13,567 § 10(c) (2011) (Executive Order establishing the PRB "does not[] create any right or benefit"); 2012 NDAA § 1023(b)(2) (Secretary of Defense is "not . . . bound by any such [PRB] recommendation"). The Secretary of Defense has exercised that discretion and "elected to leave [the decision on Petitioner's transfer] to his successor." Resp'ts' Resp. at 6–7.

In this regard, the Court observes that even were it to grant the relief that Petitioner seeks under § 1034(a)(2) —an order "declaring that the certification and 30-day notice requirements not apply"—Petitioner would fare no better given that the Secretary of Defense has determined to not pursue Petitioner's transfer irrespective of those notice and certification requirements. Resp'ts' Resp. at 6–7 ("the Secretary of Defense did not make a final decision regarding the transfer . . . as he elected to leave that decision to his successor"). Although § 1034 imposes certain notice and certification restrictions on the Secretary's ability to effect a transfer, the removal of those restrictions would not mandate that the Secretary of Defense effect Petitioner's transfer. That decision ultimately rests with the Secretary of Defense, and in Petitioner's case, "the Secretary of Defense did not make a final decision regarding the transfer."[2] *Id.*

---

[2] Petitioner's Due Process claim rests on the same flawed reasoning; namely, that he would be transferred were it not for the notice and certification requirements imposed by § 1034 because the "government has determined there is no longer and need to detain Petitioner[ . . . and his] detention under these circumstances would plainly violate due process." Pet'r's Mot. at 20. In fact, because

As neither the PRB determination nor the 2016 NDAA confer additional rights upon Petitioner, his continued detainment cannot constitute an "invasion of a legally protected interest," irrespective of any discretionary right granted to the Secretary of Defense to effect a transfer, because that detainment is lawful under the established law of the Supreme Court and the D.C. Circuit. Thus, Petitioner does not have standing to seek relief pursuant to § 1034 of the 2016 NDAA, thereby negating his second, and remaining, claim for relief.

## II. CONCLUSION

For the foregoing reasons, Petitioner's [257] Emergency Motion is **DENIED.** A separate Order reflecting the Court's decision shall accompany this Memorandum Opinion.

\_\_\_\_\_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

the "Secretary of Defense did not make a final decision regarding the transfer," Resp'ts' Resp. at 6, no such determination was made by the government.